Case No.: 3:16-cv-01590-MO

Case Title: Bank of New York Mellon v. Stabenow, et al.

Presiding Judge: Hon. Michael W Mosman

Date of Proceeding: December 19, 2016

Courtroom Deputy: Dawn Stephens
Dawn_Stephens@ord.uscourts.gov
Telephone number (503) 326-8024

Reporter:

Tape No:

**DOCKET ENTRY:** RECORD OF ORDER:

Bank of New York Mellon's Motion to Remand [28] is DENIED. I have diversity jurisdiction over this case under 28 U.S.C, 1332 and this motion was filed more than 30 days after the notice of removal was served on Bank of New York Mellon. Therefore, this case cannot be remanded pursuant to the forum defendant rule. *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933 (9th Cir. 2006); 28 U.S.C.A. 1447(c).

Bank of America's Request for Judicial Notice [25] is GRANTED. The Stabenows' request for Judicial Notice [32] is GRANTED in part and DENIED in part. It is GRANTED as to the request for judicial notice of the HAMP NPV Model Documentation; it is DENIED as to all other requests for judicial notice. The Stabenows' request for Judicial Notice [47] is DENIED.

Bank of America's Motion to Dismiss [24] and Shellpoint's Motion to Dismiss [45] are GRANTED.

Claim Two against Shellpoint is dismissed with prejudice on the grounds that there the Stabenows cannot allege facts to support a finding that he timely rescinded his loan. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015).

Claim Three is Dismissed with leave to amend. The Stabenows have thirty days to provide facts that support the inference that the information contained in the correspondence they had with Shellpoint was false, deceptive, or misleading at the time the information was provided to the Stabenows.

Claim Four against Bank of America is DISMISSED with prejudice because the alleged facts against Bank of America occurred outside of the one year statute of limitations for OUTPA claims. ORS 646.638(1). Claim Four against Shellpoint is DISMISSED with leave to amend. The Stabenows must amend the Complaint to provide factual allegations that support alleged violations of the OUTPA by Shellpoint. The Stabenows must also allege facts sufficient to show that they suffered an ascertainable loss.

Claim Five against Bank of America and Shellpoint is DISMISSED with leave to amend. The Stabenows have thirty days to amend Claim Five against Bank of America to clearly allege which NPV values were provided by Bank of America and Shellpoint, which NPV values were not provided by Bank of America and Shellpoint, what damages the Stabenows are entitled to based on violation of 12 CFR 1024.41, and how the Stabenows know the

Civil Minutes
Revised 3/15/96

Honorable Michael W. Mosman

home loan modification was denied by Bank of America and Shellpoint due to the NPV calculations. The Stabenows must also clearly identify statutory authority supporting the claim that the missing NPV values were required to be provided by Bank of America and Shellpoint.

Claim Seven is DISMISSED with prejudice as to Bank of America because the alleged fraudulent inducement by Bank of America occurred outside of the two-year statute of limitations, and I find no grounds for equitable tolling exist under the facts presented. Claim Seven is DISMISSED with leave to amend as to Shellpoint. The Stabenows must amend this claim to allege facts to support the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). The Stabenows must allege specific facts with particularity about what misrepresentation was made; its falsity; its materiality; the speaker's knowledge of its falsity or ignorance of the truth; the speaker's intent that it should be acted on by the Stabenows; the Stabenows' ignorance of its falsity; the Stabenows' reliance on its truth; their right to rely on the truth of the statement; and their consequent and proximate injury. *Merten v. Portland Gen. Elec. Co.*, 234 Or. App. 407, 416 (2010); *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 956 (E.D. Cal 2015).

**PLAINTIFF'S COUNSEL**          **DEFENDANTS' COUNSEL**

cc:{ }  All counsel                                         **DOCUMENT NO:**

**Civil Minutes**                                           **Honorable  Michael W. Mosman**
**Revised 3/15/96**