IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2007-15 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15,**  Plaintiff/Counterclaim Defendant,  v.  **CHRISTINE M. STABENOW, et al.,**  Defendants/Counterclaimants,  v.  **BANK OF AMERICA, N.A., and NEW PENN FINANCIAL dba SHELLPOINT MORTGAGE SERVICING,**  Counterclaim Defendants. | No. 3:16-cv-01590-MO  OPINION AND ORDER |

**MOSMAN, J.**,

This matter comes before me on Counterclaim Defendants' Motions to Dismiss Defendants/Counterclaimants John and Christine Stabenow's Second Amended Complaint [54]. Bank of America and Shellpoint filed independent Motions to Dismiss [55, 58] the claims

1 – OPINION AND ORDER

against them, while Bank of New York Mellon filed a Motion to Join [64] the motions filed by Bank of America and Shellpoint. In its Motion to Join, Bank of New York Mellon also provides some independent arguments for why I should dismiss claims the Stabenows only made against it. The Stabenows responded to Bank of America and Shellpoint's motions, but they did not respond to Bank of New York Mellon's motion. Finally, in connection with its Motion to Dismiss, Bank of America filed a Request for Judicial Notice [56], to which the Stabenows did not respond. For the reasons set forth below, I GRANT Bank of America and Shellpoint's Motions to Dismiss, Bank of New York Mellon's Motion to Join, and Bank of America's Request for Judicial Notice.

## BACKGROUND

At heart, this case is a foreclosure case, which Bank of New York Mellon brought in Oregon state court against the Stabenows. After the case was filed in state court, the Stabenows removed it to this Court pursuant to 28 U.S.C. § 1441. They also filed a counterclaim against Bank of New York Mellon and joined Shellpoint and Bank of America as Counter Defendants. Bank of America and Shellpoint subsequently moved to dismiss the Stabenows' claims against them, and I granted the motions on December 19, 2016 [52]. In so doing, I dismissed Claim Two against Shellpoint with prejudice. I also dismissed Claims Three, Four, Five, and Seven against Shellpoint with leave to amend. As to Bank of America, I dismissed Claims Four and Seven with prejudice, and I dismissed Claim Five with leave to amend.

Thereafter, the Stabenows timely filed an Amended Complaint [54]. But the Amended Complaint includes the claims that I dismissed with prejudice on December 19, 2016, in addition to the claims that I had dismissed with leave to amend. The claims I dismissed with prejudice in my previous Order [52] against Bank of America and Shellpoint remain dismissed. Here, I

consider whether the Stabenows have properly amended Claims Three, Four, Five, and Seven against Shellpoint, and Claims Four and Seven against Bank of America. I also consider whether to dismiss all claims against Bank of New York Mellon, since this is the first time Bank of New York Mellon has moved to dismiss the claims filed against it.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I. Request for Judicial Notice

As a preliminary matter, Bank of America requests that I take judicial notice of the Making Home Affordable Program Handbook for Servicers of Non-GSE Mortgages ("the Handbook"). Bank of America argues the Handbook is the proper subject of judicial notice because it is pertinent to the Stabenows' allegations even though the Stabenows did not include it as part of their pleadings. The Stabenows did not respond to this request.

Generally, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But, "under Rule 201 of the Federal Rules of Evidence, [a] court may take judicial notice, on its own or at a party's request, of 'matters of public record.'" *Nelmes v. Nationstar Mortg., LLC*, No. 3:16-cv-615-AC, 2016 WL 7383335, at *1 (D. Or. Nov. 9, 2016) (citing *Lee v. Cnty of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001)).

Here, the Handbook is a matter of public record and "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Thus, I GRANT the Request for Judicial Notice [56]. As will be evident from my discussion below, however, I do not rely on this document in ruling on Bank of America's Motion to Dismiss.

## II. Motions to Dismiss

Bank of America, Shellpoint, and Bank of New York Mellon have moved to dismiss all of the Stabenows' remaining claims against them. I consider each claim in turn.

### A. Claim One—Declaratory Relief to Enforce Rescission

The Stabenows' first claim for declaratory relief to enforce their alleged right to rescind is made only against Bank of New York Mellon. Bank of New York Mellon argues that this claim is time-barred and cannot form the basis of a claim.

"The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015). There is "no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Borrowers may rescind the loans by mailing "written notice of their intention to rescind within three years of their loan's consummation." *Jesinoski*, 135 S. Ct. at 793.

According to the Amended Complaint, in 2007, the Stabenows refinanced from a variable to a fixed-rate loan. They claim they rescinded that loan on December 15, 2015, when they mailed a letter to Bank of New York Mellon. Although this was more than three years after they signed the documents to refinance their house with a new loan, the Stabenows argue that the time limit for their right to rescind did not begin when they signed because the paperwork inaccurately listed Northwest Mortgage Group ("NWMG") as the lender. Accordingly, the Stabenows argue the date of consummation is "no sooner than the first date that the endorsement in blank appeared on document purporting to be the note," which was less than two years before filing the complaint.

It is not clear from the face of the Amended Complaint and the exhibits attached to it why

the Stabenows believe NWMG was not the original lender. The Deed of Trust, which the Stabenows attached as an exhibit to the Amended Complaint, lists NWMG as the lender. To the extent that the Stabenows claim NWMG could not have been the lender because other entities provided the money to NWMG to fund the loan, that assertion is not correct as a matter of law. As this Court explained in *Horner v. Plaza Home Mortgage*, the fact that a lender received funds to originate a loan from another entity does not impact the lender's ability to be designated as the lender in the mortgage documents. 3:16-cv-00605-SI, 2016 WL 3574551, at *4 (D. Or. July 1, 2016) (citing *Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1211-12 (D. Or. 2012) *aff'd in part, vacated and remanded in part on other grounds*, 606 F. App'x. 401 (9th Cir. 2015)).

Accordingly, the Stabenows' attempt to rescind on December 15, 2015, the loan they refinanced in 2007, was barred by the three-year limitations period under the Truth in Lending Act. Because amendment of this claim would be futile, I DISMISS this claim with prejudice.

### B. Claim Two—Violation of FDCPA 15 U.S.C. § 1692 et seq.

The Stabenows' second claim is brought against Bank of New York Mellon and Shellpoint. I already dismissed this claim as to Shellpoint with prejudice in my Order on December 21, 2016 [52]. Accordingly, this claim against Shellpoint remains dismissed.

The Stabenows claim Bank of New York Mellon violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on their loan and engage in a foreclosure action after the loan was rescinded. As stated above, however, the Stabenows' attempt to rescind on their 2007 loan occurred after the three-year limitations period in which they could lawfully rescind on the loan. Thus, they fail to state a claim for relief against Bank of New York Mellon under the theory that it improperly tried to collect on their loan and foreclose on their property after the loan was rescinded, both in violation of the FDCPA. Because any attempt to amend this

claim would be futile, I DISMISS it with prejudice.

### C. Claim Three—Violation of FDCPA 15 U.S.C. § 1692(e)

The Stabenows third claim alleges Shellpoint violated the FDCPA by making false or misleading representations in the collection of the mortgage debt. In my December 21, 2016 Order [52], I dismissed this claim with leave to amend. There, I directed the Stabenows to provide information that supported their assertion that the information contained in the correspondence they had with Shellpoint was false, deceptive, or misleading.

In their Amended Complaint, the Stabenows specifically allege that "Shellpoint has made false representations as to who was the original lender, who is the owner of the debt, how much and to whom is owed money." Under the FDCPA, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

With regard to alleged false representations about the identity of the original lender, the Deed of Trust attached as an exhibit to the Amended Complaint lists NWMG as the original lender. There are no contradictory allegations in the Amended Complaint regarding who the Stabenows believe was the original lender if not NWMG. Thus, they have failed to provide sufficient facts to support a claim that Shellpoint made false representations in that regard.

Regarding the owner of the debt, the Stabenows summarily allege there were misleading statements in the "debt validation" and "owner of the obligation" documents they received from Shellpoint. But they do not allege what statements were false or misleading and why they were false or misleading. Similarly, regarding the amount of the debt, and to whom it was owed, the Stabenows summarily claim that there were misleading statements in the letters from Shellpoint. But again, the Stabenows fail to allege what statements in those letters were false or misleading

and why they were false or misleading. In other words, the Stabenows fail to allege how much money was actually owed and to whom that money was owed.

The Stabenows' allegations that a Shellpoint representative made misleading statements during mediation about his authority to negotiate a settlement are insufficient to state a claim under FDCPA. Even if the alleged statement was false, it does not constitute one of the false or misleading statements or acts that are prohibited by 15 U.S.C. § 1692e. Further, under Oregon law, such a statement is entitled to confidentiality and cannot be used outside of the mediation. Or. Rev. Stat. §§ 36.220, ORS 36.222 (2017) ("[M]ediation communications . . . that are confidential under ORS 36.220 to 36.238 are not admissible as evidence in any subsequent adjudicatory proceeding.").

Finally, the Stabenows' allegation that Shellpoint's October 28, 2016 letter, encouraging them to apply for a mortgage modification, was misleading, does not constitute a theory for relief under the FDCPA. First, it is not clear that the letter constitutes a means for "collection of any debt" under the statute. *See* 15 U.S.C. § 1692e. The Stabenows have not alleged the letter was anything more than stated—an opportunity to apply for a loan modification. While the Stabenows may believe Shellpoint had ulterior motives and did not intend to approve the loan modification, such conduct, in my view, is not governed by the FDCPA. Moreover, the Stabenows do not appear to have standing to bring an FDCPA claim based on this action because they do not allege they suffered any concrete or cognizable harm from receiving this letter. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-50 (explaining that a plaintiff cannot "allege a bare procedural violation [of a statute], divorced from any concrete harm, and satisfy the injury-in fact requirement of Article III").

For the foregoing reasons, the Stabenows have failed to bring a plausible claim for relief

against Shellpoint for violating the FDCPA. To the extent the Stabenows failed to allege specific facts supporting their allegation that Shellpoint made false or misleading statements in their correspondence with the Stabenows, I have already given the Stabenows the opportunity to amend their complaint to fix that deficiency. They failed to do so, and I will not give them another opportunity. The remaining theories do not constitute a violation of the FDCPA. Accordingly, I DISMISS this claim with prejudice.

### D. Claim Four—Violation of Oregon Unlawful Trade Practices Act

In their fourth claim for relief, the Stabenows allege Bank of New York Mellon and Shellpoint violated the Oregon Unlawful Trade Practices Act ("UTPA"). They also bring this claim against Bank of America, but I dismissed that claim with prejudice in my Order [52] on December 19, 2016. Thus, this claim against Bank of America remains dismissed. As to Bank of New York Mellon and Shellpoint, the Stabenows allege that both parties engaged in unfair or deceptive conduct in the course of business. I originally dismissed this claim against Shellpoint with leave to amend, and directed the Stabenows to (1) provide facts to support the alleged violation of the UTPA and (2) allege facts to show they suffered an ascertainable loss.

"The UTPA allows a private right of action for persons who have suffered an 'ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608.'" *Colquitt v. Mfrs. and Traders Trust Co.*, No: 3:15-cv-00807-BR, 2016 WL 1276095, at *5 (D. Or. April 1, 2016). "To state a claim under the UTPA Plaintiff must allege: (1) a violation of § 646.608(1), (2) causation, (3) damages, and (4) willfulness by Defendant." *Id.* The plaintiff must allege with "specificity what statements made by Defendant were false and misleading." *Id.* To allege causation, the plaintiff must plead "sufficient detail to put Defendant on notice of

the causal relationship between a particular alleged unfair business practice and the ascertainable loss and damages incurred as a result of that particular conduct." *Id.* (citation omitted). Further, the plaintiff must "include any allegations from which the Court could infer Defendant knew or should have known [its conduct] was a violation of the UTPA." *Id.* (internal quotation marks omitted).

The Stabenows' appear to allege that Bank of New York Mellon and Shellpoint violated three subsections of the UTPA. Specifically, they allege Bank of New York Mellon and Shellpoint "[c]ause[d] [a] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services, in violation of ORS 646.608(1)(b); (2) made "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred," in violation of ORS 646.608(1)(k); and (3) "[e]ngage[d] in [] other unfair or deceptive conduct in trade or commerce," in violation of ORS 646.608(1)(u). The Stabenows do not provide any specific facts to support the claim that Bank of New York Mellon violated those provisions of the UTPA. Instead, the meat of this claim focuses entirely on the acts of Shellpoint.

The specific acts by Shellpoint that the Stabenows allege violated the UTPA are similar to those from their third claim for violating the FDCPA. For example, they allege Shellpoint's Debt Validation letters and Owner of the Obligation documents were inaccurate, Shellpoint made false statements about whether they could get a loan modification and how it considered applications, and Shellpoint representatives made inaccurate statements during mediation.

Even if the Stabenows plausibly plead that Shellpoint's statements were false and misleading, they have failed to state a claim for a UTPA violation by Shellpoint. They have not provided any allegation of an ascertainable loss of money or property that resulted from these

10 – OPINION AND ORDER

alleged misrepresentations.  In their response to Shellpoint's motion, the Stabenows claim the "imminent harm is clear, the illegal foreclosure" of their home.  But it is not clear from the allegations in the Amended Complaint that this loss was directly caused by Shellpoint's alleged false or misleading statements.  In fact, in the Amended Complaint, the Stabenows assert that they stopped making payments on the loan in April 2011 as a result of discussions they had with employees at Bank of America.  But the Amended Complaint states that Shellpoint did not begin servicing the loan until it was transferred to them in September, 2014.  Accordingly, the Stabenows were already in mortgage default and subject to foreclosure before Shellpoint became involved in the loan.  Thus, there is no causal link between the alleged false and misleading statements and the Stabenows' alleged ascertainable loss.

More fundamentally, the *threat* of a foreclosure is not an ascertainable loss at all.  *See Paul v. Providence Health Sys.-Or.*, 240 P.3d 1110, 1121-22 (Or. App. 2010) (explaining that a threatened loss is not an ascertainable loss under Oregon's UTPA); *see also Gomez v. Bank of America, N.A.*, 2012 WL 929790, at *9 (D. Or. Mar. 19, 2012) (finding that the fact that the plaintiffs were in default on their loan did not, in itself, constitute ascertainable loss because they had not lost any money or property).  Accordingly, because the Stabenows loan is only in default and foreclosure proceedings are ongoing, the loss of their home is only a threatened loss.  It is not, therefore, an ascertainable loss.

Because the Stabenows still have not shown facts to support an allegation that they experienced an ascertainable loss as a result of Shellpoint's alleged false and misleading statements, as required by UTPA, I DISMISS this claim against Shellpoint with prejudice.

In addition, because the Stabenows have failed to provide any facts to support their claim that Bank of New York Mellon violated the UTPA, I DISMISS this claim against Bank of New

York Mellon. Providing the Stabenows with the opportunity to allege additional facts to show that Bank of New York Mellon violated the UTPA would be futile. The last contact between the Stabenows and Bank of New York Mellon before the commencement of the foreclosure action appears to have been in September 2010, which was well beyond the one-year statute of limitations for OUTPA claims. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 975 (D. Or. 2016). Accordingly, this claim is DISMISSED with prejudice against Bank of New York Mellon.

### E. Claim Five—Violation of RESPA, 12 C.F.R. § 1024.41

In their fifth claim, the Stabenows allege Bank of America and Shellpoint violated the Real Estate Settlement Procedures Act ("RESPA") by failing to disclose all Net Present Value ("NPV") test inputs that they used to determine the Stabenows' eligibility for a home loan modification under the Home Affordable Modification Program ("HAMP"). In my December 19, 2016 Order [52], I dismissed this claim against both Bank of America and Shellpoint with leave to amend. In their amended complaint, I directed the Stabenows to clearly allege which NPV values were provided by Bank of America and Shellpoint, which values were not provided, their damages pursuant to 12 C.F.R. § 1024.41, and how they knew the home loan modification applications were denied as a result of the NPV calculations. I also directed the Stabenows to identify the statutory authority supporting their argument that the NPV values had to be provided by Bank of America and Shellpoint.

The RESPA regulation at issue provides:

> If a borrower's complete loss mitigation application is denied for any trial or permanent loan modification . . . a servicer shall state in the notice sent to the borrower pursuant to paragraph (c)(1)(ii) of this section the specific reason or reasons for the servicer's determination for each such trial or permanent loan option and, if applicable, that the borrower was not evaluated on other criteria.

12 – OPINION AND ORDER

12 C.F.R. § 1024.41(d). Damages for failing to comply with that provision may include "an amount equal to the sum of—(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000. 12 U.S.C. § 2605(f).

The Stabenows allege that Bank of America and Shellpoint were required to provide them with all of the NPV values they used in determining whether the Stabenows qualified for a loan modification based on instructions from the Consumer Financial Protection Bureau ("CFPB"). The Stabenows allege they received a letter dated April 9, 2014, from Bank of America, denying their loan modification based on the NPV test results. In that letter, Bank of America provided 42 NPV test inputs, which was less than the "over 70" found in the model test document. The Stabenows received a similar letter from Bank of America on May 19, 2014, again with only 42 NPV test inputs.

Similarly, the Stabenows received a letter from Shellpoint on May 5, 2015, stating that the Stabenows were not eligible for an alternative to foreclosure. Shellpoint allegedly did not provide NPV test inputs in this letter, which the Stabenows argue was required. In November 2015, the Stabenows claim they were told by a Shellpoint representative that their loan modification application failed the NPV test. Shellpoint provided them with a document purporting to be the NPV test inputs, which the Stabenows claim is missing some inputs.

The Stabenows' Amended Complaint continues to fall short of allegations necessary to state a claim for a RESPA violation under 12 C.F.R. § 1024.41(d). Specifically, the Stabenows have not clearly alleged in the Amended Complaint which NPV test inputs were required but not provided by Bank of America or Shellpoint. The Stabenows summarily allege that the

defendants failed to provide NPV values for all of the inputs available when considering a loan modification. But this is not what the CFPB requires. Instead, the CFPB instructions that the Stabenows include in their Amended Complaint specifically state that the "servicer must provide the borrower with . . . any inputs used to make a net present value calculation."

The Stabenows do not provide any factual support for their theory that Bank of America and Shellpoint failed to provide all of the NPV values *used* in deciding whether the Stabenows were eligible for a home loan modification. Instead, the Stabenows simply allege that they did not provide them with inputs for all of the "more than 70" possible values that could have been used. But the Stabenows do not allege any facts to support a claim that Bank of America or Shellpoint used more inputs in the NPV test than they provided to the Stabenows. In other words, it is entirely possible that Bank of America and Shellpoint only used the values they provided to the Stabenows in their NPV test calculation. Since the Stabenows have failed to allege facts to support to a contrary conclusion, they have failed to state a claim for relief. Because I directed the Stabenows to provide this information in their Amended Complaint, and they failed to do so, I DISMISS this claim with prejudice.

### F. Claim Six—Declaratory and Injunctive Relief

The Stabenows' sixth claim for relief is against Bank of New York Mellon for declaratory and injunctive relief. Specifically, the Stabenows appear to seek a declaration that the Deed of Trust, also referred to as the "Note," associated with their home was unlawfully altered and forged, as set forth in ORS § 165.007(1)(a) and (1)(b). They also allege that Bank of New York Mellon has knowingly committed the crime of first degree forgery under ORS § 165.013. Finally, they are seeking a declaration of the rights and liabilities of the parties related to the Deed of Trust under 28 U.S.C. § 2201 and ORS §§ 28.010-28.160.

The Stabenows' sixth claim fails to state a claim for relief for several reasons. First, to the extent they assert that Bank of New York Mellon has committed the crime of forgery under ORS § 165.007 or ORS § 165.013, those criminal statutes do not provide private plaintiffs with a private right of action. Accordingly, the Stabenows cannot bring claims under those statutes.

Second, while 28 U.S.C. § 2201 is a general jurisdictional statute allowing me to grant declaratory relief, it is unclear what the Stabenows are seeking under ORS §§ 28.010-28.160. To the extent that the Stabenows are seeking a declaration that the Deed of Trust associated with their home is invalid, they need to clearly state facts that support that claim. Accordingly, I DISMISS this claim against Bank of New York Mellon. Because this is the first time I have dismissed this claim, and because the Stabenows may be able to allege facts to support such a claim, I grant leave to amend.

### G. Claim Seven—Fraud

The Stabenows seventh and final claim for relief alleges fraud against Bank of New York Mellon, Bank of America, and Shellpoint. In my Order [52] from December 19, 2016, I dismissed this claim against Bank of America with prejudice. Accordingly, as to Bank of America, this claim remains dismissed. In granting leave to amend the claim against Shellpoint, I directed the Stabenows to allege facts to support this claim under the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

In addition to the general pleading requirements, a party alleging fraudulent conduct "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this heightened standard, a plaintiff must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*,

356 F.3d 1058, 1066 (9th Cir. 2004)). This includes identifying the role of the individual defendants in the alleged fraudulent scheme. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

As to Bank of New York Mellon, the Stabenows allege that false representations were made by its representatives in late 2010. Specifically, the Stabenows claim Bank of New York Mellon induced them to stop making payments on their mortgage with a promise that the loan would be modified to reflect market conditions. But the Stabenows allege that Bank of New York Mellon "knew at the time they had no intention of making a loan modification." Instead, they "intended to drag the Stabenows into a long cycle of application and denial, so that they could collect the servicing fees." In their claim, the Stabenows allege the statements were made by Mr. Herrmann, and that the Stabenows believed what Bank of New York Mellon told them.

"In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed R. Civ. P. 9(b). In Oregon, a fraud claim requires proof the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

*Wieber v. FedEx Ground Package Sys., Inc.*, 220 P.3d 68, 77 (Or. App. 2009) (citing *Conzelmann v. N.W.P. & D. Prod. Co.*, 225 P.2d 757 (Or. 1950)). A "plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronenr v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citation omitted).

The Stabenows' allegations against Bank of New York Mellon are insufficient to support a claim for fraud under the heightened pleading standard of Federal Rule of Civil Procedure 9(b), because they are largely conclusory. More fundamentally, the claim alleges the

misrepresentations by Bank of New York Mellon occurred in 2010, which is well beyond the two-year statute of limitations for fraud. Or. Rev. Stat. § 12.110 (2017); *see also Murphy v. Allstate Ins. Co.*, 284 P.3d 524, 528 (Or. App. 2012) ("A fraud action must be commenced within two years of the date on which the cause of action accrues.").

The Stabenows do not make any specific allegations against Shellpoint in this claim. Thus, they have failed to plead fraud as to Shellpoint with the specificity required by Rule 9(b).

For the foregoing reasons, I DISMISS the fraud claim against Bank of New York Mellon and Shellpoint. Because I have already given the Stabenows the opportunity to amend this claim against Shellpoint to satisfy the requirements of Rule 9(b) and because amending the claim against Bank of New York Mellon would be futile, I DISMISS this claim as to both Defendants with prejudice.

## CONCLUSION

For the reasons set forth above, Bank of America's Motion to Dismiss [55] is GRANTED, Bank of America's Request for Judicial Notice [56] is GRANTED, Shellpoint's Motion to Dismiss [58] is GRANTED, and Bank of New York Mellon's motion for joinder [64] is GRANTED. All claims against Bank of America and Shellpoint are DISMISSED with prejudice. All claims against Bank of New York Mellon, except the Stabenows' sixth claim for declaratory and injunctive relief, are DISMISSED with prejudice. The Stabenows have thirty days to amend their sixth claim for relief against Bank of New York Mellon, which is the only claim in their Counter Complaint that has not been dismissed with prejudice. Otherwise, I will dismiss the Stabenows' Counter Claim against Bank of New York Mellon. The amended complaint should allege only a claim for declaratory and injunctive relief against Bank of New York Mellon. All other claims against Bank of New York Mellon and all claims against

17 – OPINION AND ORDER

Shellpoint and Bank of America should be absent from the amended complaint. If the Stabenows fail to do so, I may order them to pay the costs Bank of America, Shellpoint, or Bank of New York Mellon incur from defending against the claims I have already dismissed with prejudice.

IT IS SO ORDERED.

DATED this   25th   day of April, 2017.

/s/ Michael W. Mosman            
MICHAEL W. MOSMAN  
Chief United States District Judge